# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

June 22, 2005

MEMORANDUM TO COUNSEL OR PARTIES

**Appeal Number: 05-13121-H**
Case Style: In Re: Vaughn Moore
District Court Number: 4:00-CR-2-RH-ALL

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Liz McDonald (404) 335-6187

Encl.



OF... ...CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2005 JUN 27 PM 3: 50

FILED (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUN 22 2005
THOMAS K. KAHN
CLERK

No. 05-13121-H

IN RE: VAUGHN MOORE,

Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255

Before **ANDERSON, BLACK and PRYOR,** Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), Vaughn Moore has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Moore indicates that he wishes to raise four claims in a second or successive § 2255 motion: (1) the district court erred in the application of the Guidelines levels pursuant to 21 U.S.C. § 841(b)(1)(C); (2) the district court erred in using a prior state conviction to enhance his sentence as a career offender; (3) the district court erred by imposing a two-level enhancement for possession of a firearm during the crime, pursuant to U.S.S.G. § 2D1.1(b)(1); and (4) his trial counsel was ineffective for failing to argue that the Guidelines were unconstitutional and for not informing the district court of Moore's mental condition.

Moore does not specifically assert whether his claims rely upon a new rule of constitutional law or newly discovered evidence, but his argument implies that he is relying on the recent U.S. Supreme Court case United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also mentions the U.S. Supreme Court cases Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), and Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). However, we have held that the Supreme Court has not made Booker, Blakely, or Apprendi retroactively applicable on collateral review, such that they can support a second or successive § 2255 petition based on a new rule of constitutional law. See In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (addressing Booker); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (addressing Blakely); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) (addressing Apprendi). In addition, the U.S. Supreme Court has not ruled that either Shepard or Griffith applies retroactively. Thus, Moore has not cited a new rule made retroactive on collateral review by the Supreme Court as required under 28 U.S.C. § 2255 to file a second or successive motion to vacate. Tyler v. Cain, 533 U.S. 656, 661-66, 121 S.Ct. 2478,

2

2481-84, 150 L.Ed.2d 632 (2001).

To the extent that Moore argues that he is factually innocent, he has not provided evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," because Moore does not explain how any new evidence shows that he is innocent of the offense. See 28 U.S.C. § 2255. He offers no "evidence" to demonstrate his actual, factual innocence as it relates to each of his claims. See In re Boshears, 110 F.3d 1538, 1541 (11th Cir. 1997).

Accordingly, because Moore has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.