# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:00cr02-RH

VAUGHN MOORE,

    Defendant.

_____/

## ORDER ESTABLISHING PROCEDURES ON POSSIBLE
## SENTENCE REDUCTION UNDER AMENDMENT 706

Defendant Vaughn Moore appears to be eligible for a sentence reduction under United States Sentencing Guidelines Amendment 706. This order provides notice of my intention to consider a reduction and establishes a procedure under which the government must, and Mr. Moore may, address the issue.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level turns on the type and quantity of drugs properly

attributed to the defendant. *See* United States Sentencing Guidelines Manual § 2D1.1 (hereafter cited as "*Guidelines Manual*").

On May 1, 2007, the United States Sentencing Commission adopted Amendment 706. The amendment reduces the crack cocaine base offense level. In most circumstances, the amount of the reduction is two levels. The amendment also provides a mechanism for calculating the base offense level in cases involving both crack and another drug. In most such cases, the result is again a two-level decrease.

Congress did not act to block the amendment. The amendment thus became effective on November 1, 2007. The amendment applies to sentences imposed on or after that date.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances a court will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date. The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission.  The court may act on its own motion or on motion of a defendant or the Bureau of Prisons.  The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in Guidelines § 1B1.10.  As set forth there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant."  *Guidelines Manual* § 1B1.10(a)(3).  Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

III

Acting under its § 994(u) authority, the Commission amended *Guidelines*

*Manual* § 1B1.10 to include Amendment 706 in the list of retroactive amendments. The Commission imposed explicit limitations. First, a court must not make a reduction unless Amendment 706 changes the defendant's guidelines range. *See Guidelines Manual* § 1B1.10(a)(1). Second, the Commission limited the extent of any reduction. For a sentence within the original guideline range, a reduced sentence must not be below the low-end of the *amended* guideline range. *See Guidelines Manual* § 1B1.10(b)(2)(A). But for a sentence that was below the original guideline range, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate." *Guidelines Manual* § 1B1.10(b)(2)(B). Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, nor less than the time the defendant has already served.

    Unless and until otherwise ordered, I intend to apply these limitations exactly as Congress and the Sentencing Commission imposed them. It is true, of course, that arguments can be made for a broader or more limited approach. This order is not intended to prejudge these issues. But the burden will be on the party challenging congressional or Sentencing Commission action, and there is no reason to delay consideration of an explicitly authorized reduction while more esoteric legal issues are briefed. By this order I announce my intention to consider only a sentence reduction authorized by the terms of the governing statutes and

Sentencing Commission actions.

IV

Mr. Moore was sentenced on July 18, 2000.  His total offense level was 34, his criminal history category was VI, and his guideline range thus was 262 to 327 months.[1]  The minimum mandatory sentence was 10 years.  I sentenced Mr. Moore to 262 months, the low end of the guideline range.

Under Amendment 706, Mr. Moore's recalculated total offense level is 32, his criminal history category remains VI, and his amended guideline range thus is 210 to 262 months.  Amendment 706 would allow a reduction of Mr. Moore's sentence to not less than 210 months.

V

Any reduction is discretionary.  In deciding whether and how much to reduce a defendant's sentence (within the limitations set forth above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct.  *See Guidelines Manual* § 1B1.10, cmt. n. 1(B).

Based on the existing record in this case, including the presentence report, I

---

[1] The statement of reasons supporting the judgment mistakenly identified the range as 360 months to life.

*Case No: 4:00cr02-RH*

conclude that Mr. Moore's sentence should be reduced to 210 months, unless the government or Mr. Moore shows that it should not be. So that any issues may be appropriately resolved,

    IT IS ORDERED:

    1. By October 9, 2008, the government must file a memorandum setting forth its position—or lack of position—on the possible reduction of Mr. Moore's sentence. By the same date, the government may file materials in support of its position. If the government asserts that the presentence report ought not be made available to the Federal Public Defender (for his consideration of whether to accept any appointment as counsel for purposes of Amendment 706 proceedings), the government must so indicate in its memorandum.

    2. At any time, Mr. Moore may—but need not—file a memorandum setting forth his position on the possible sentence reduction, together with any supporting materials.

    3. An order reducing Mr. Moore's sentence to 210 months may be entered at any time after October 9, 2008.

    4. If, based on the record and the government's memorandum and supporting materials, it appears that a reduction to 210 months may not in fact be authorized or, as a matter of discretion, might not be entered, I will consider appointing an attorney for Mr. Moore, may set a deadline for any further response

*Page 7 of 7*

by Mr. Moore, and may establish appropriate additional procedures.

    5.  The clerk must provide a copy of this order to Mr. Moore himself by mail and to the attorneys of record through the electronic filing system.

    SO ORDERED on August 25, 2008.

s/Robert L. Hinkle  
Chief United States District Judge
